RYDER, Judge.
Petitioner Barry D. Varón is a staff psychologist at a state hospital administered by the Department of Health and Rehabilitative Services. Mr. Varón was suspended for “insubordination” without pay for two weeks because he refused to administer a psychological test, the Vineland Social Maturity Scale, which he considered unreliable and detrimental to the subject patients’ interests. Mr. Varón contends that the agency did not carry its burden of showing that the suspension was for just cause. We agree, grant the petition for review, and reverse.
After Varón returned to work, he appealed his suspension to the Career Service Commission pursuant to Section 110.061, Florida Statutes (1977). The applicable rules provide that the Commission hear such appeals. Fla.Admin.Code Rule 22A-10.06. However, the Commission was unable to do so because of a case backlog caused by the death of several Commission members. The appeal was therefore heard, at the request of the Commission, by a hearing officer of the Division of Administrative Hearings. See Section 120.65, Florida Statutes (1977); Fla.Admin.Code Rule 221-3.01.
In his recommended order, the hearing officer found as a matter of fact that while the Vineland Scale was overwhelmingly the most commonly used instrument to determine eligibility for treatment as a retarded person, it is always used in conjunction with other tests, and that Varón was not informed that other tests had been administered to the patients. As petitioner had not been aware of the other tests, his objections to the reliability of the Vineland Scale were valid. Therefore, the hearing officer concluded that the Department of Health and Rehabilitative Services had not established sufficient cause for suspending Mr. Varón for insubordination. He recommended that Mr. Varón be paid the salary he would have earned if he had worked during the period of his suspension.
The Career Service Commission reviewed the recommended order and accepted the conclusions of fact, but rejected the conclusions of law and final recommendation.
*507 We reverse this action as the findings of fact, which the Commission accepted, demonstrated that Mr. Varon’s objections were valid. The Commission’s affirmance of Mr. Varon’s suspension was therefore not based •upon substantial evidence. See Section 110.061(4), Florida Statutes (1977). The Career Service Commission is therefore ordered to reinstate the original recommended order.
Petition for review granted, reversed with instructions.
HOBSON, Acting C. J., and SCHEB, J., concur.